UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUCKY BREAK WISHBONE CORPORATION,<br><br>              Plaintiff,<br><br>v.<br><br>SEARS, ROEBUCK AND CO., a New York corporation, and YOUNG AND RUBICAM INC., a Delaware corporation,<br><br>              Defendants. | No. C06-312Z<br><br>ORDER |

        The Court *sua sponte* raised the issue of subject matter jurisdiction regarding Lucky Break's copyright claim in the prototype wishbone. Order, docket no. 140, at 22 n.10. Having now reviewed supplemental briefing on the issue, docket nos. 145 and 146, the Court concludes that it lacks subject matter jurisdiction over Lucky Break's copyright infringement claim in the prototype wishbone, for the reasons outlined herein.

        "[N]o action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). "Copyright registration is not a prerequisite to a valid copyright, but it is a prerequisite to a suit based on a copyright." Kodadek v. MTV Networks, Inc., 152 F.3d 1209, 1211 (9th Cir. 1998). "In order to obtain a copyright

ORDER   1–

registration, an applicant must deposit as part of his application a 'copy' or 'copies' of the work." Id. (citing 17 U.S.C. § 408(b)(1) and (2)). "[T]he registration deposit requirement permits 'bona fide copies of the original work only.'" Id. (quoting Seiler v. Lucasfilm, Ltd., 808 F.2d 1316, 1322 (9th Cir. 1986)). "This means that any 'copy' deposited as part of an application for a certificate of copyright registration must be virtually identical to the original and must have been produced by directly referring to the original." Id. at 1212; see also Coles v. Wonder, 283 F.3d 798, 802 (6th Cir. 2002) (holding that there is no valid copyright registration in an original work where a plaintiff did not refer to the original work in producing the work that was deposited with the copyright application). In Kodadek, the Ninth Circuit held that 1993 drawings that were made from an artist's memory of 1991 drawings "are merely 'reconstructions' and not appropriate 'copies' of the 1991 drawings for purposes of obtaining a valid certificate of copyright registration," and explained its holding as follows:

> Kodadek asserts that he was so familiar with his 1991 drawings that he was able to draw virtually identical copies of them two years later from memory. While it may be possible for an artist to accurately reproduce his or her previous work from memory, for the purpose of certainty in obtaining copyright registration, such reproductions are simply insufficient.

Kodadek, 152 F.3d at 1212. Without a valid copyright registration in the 1991 drawings, the Ninth Circuit concluded that the plaintiff's infringement action was foreclosed. Id.

Here, Lucky Break's copyright infringement claim alleges that Sears had access to and copied Lucky Break's prototype wishbone. However, Lucky Break deposited a copy of only the production wishbone, and not the prototype wishbone, with the U.S. Copyright Office in connection with its application for copyright registration. Thus, under Kodadek, the Court must determine whether the production wishbone is virtually identical to the prototype wishbone *and* whether the production wishbone was produced by directly referring

ORDER  2–

to the prototype wishbone, in order to conclude that Lucky Break has a valid copyright registration in the prototype wishbone.[1]

There are factual disputes as to whether the prototype and production wishbones are "virtually identical." The Court does not need to reach this issue because Lucky Break has failed to provide any evidence that Mr. Hillesland produced the production wishbone by directly referring to the prototype wishbone. As discussed in the Court's Order of December 4, 2007, the prototype wishbone mold was completed in January 2004, whereas the production wishbone mold was not completed until the end of September 2005. See Order at 4-5. Mr. Hillesland testified in his deposition that he could not remember whether he had the prototype mold in front of him when he made the production mold. See Order at 6 (quoting Rachman Decl., docket no. 92, Ex. 4 (Hillesland Dep.) at 42:8-11, "Q: So how did you – did you have the prototype mold in front of you when you made the changes to the graphite on the production mold?  A: I don't remember.").

Lucky Break argues that "Lucky Break's production wishbone was undisputedly based on its prototype." Pl.'s Suppl. Brief, docket no. 145, at 2. In support, Lucky Break asserts that "[t]he very term 'prototype' assumes that it served as the original model on which the production bone was based or formed." Id. at 2 n.1. The "prototype" label is not evidence that Mr. Hillesland directly referred to the prototype graphite electrodes, prototype mold, or prototype wishbone when he created the production mold. Lucky Break also argues that there is no evidence that Mr. Hillesland created the production wishbone solely from his memory. Id. at 5. Lucky Break asserts that "a simple comparison of the two bones in

---

[1] The Court disagrees with Lucky Break's argument that the "reconstruction cases" of Kodadek and Seiler are limited to cases involving fraud, i.e., where the original works were lost or destroyed. Pl.'s Suppl. Brief at 5 (citing Data East USA v. Epyx, Inc., 862 F.2d 204, 207 (9th Cir. 1988)). It is true that the originals were unavailable in Kodadek and Seiler; however, this distinguishing fact does not preclude the Court from requiring a bona fide copy of a work to be deposited with the registration application. The Court also disagrees with Lucky Break's argument that Three Boys Music Corporation v. Michael Bolton, 212 F.3d 477 (9th Cir. 2000) applies to the present case. Three Boys does not address the bona fide copy issue.

ORDER   3–

evidence confirms that he accomplished what he set out to do: deliver the 'same look' to Ken Ahroni that was first embodied in the prototype." Id. (quoting Hillesland Decl., docket no. 108, ¶ 12). Whether Mr. Hillesland delivered the "same look" does not address the issue of whether Mr. Hillesland directly referred to the prototype graphite electrodes, prototype mold, or prototype wishbone when he created the production mold. Lucky Break also relies on Mr. Hillesland's Declaration, at Paragraph 12, as evidence that Mr. Hillesland used the same data set, chose the same cutter paths, and made the same manual alterations to the electrodes in making the production mold as the prototype mold. Even if true,[2] these "facts" do not provide any evidence that Mr. Hillesland directly referred to the prototype mold when making the production mold. Mr. Hillesland could have attempted to make the same manual alterations to the production graphite electrodes from his memory of what he did to the prototype graphite electrodes. Because Lucky Break has submitted no evidence that Mr. Hillesland referred to the prototype graphite electrodes, mold, or wishbone when he created the production wishbone mold, the Court is left to speculate as to Mr. Hillesland's process.

In the absence of any evidence that Mr. Hillesland directly referred to the prototype graphite electrodes, mold or wishbone when he created the production wishbone mold, the Court concludes that the production wishbone deposit was not a bona fide copy of the prototype wishbone.[3] Accordingly, Lucky Break lacks a valid copyright registration in the prototype wishbone, and cannot maintain an infringement action thereupon. See 17 U.S.C.

---

[2] As noted in the Court's Order of December 4, 2007, Mr. Hillesland also testified in his deposition that there could be some variation between the manual alterations that he made to the graphite electrodes for the prototype mold as compared to the manual alterations that he made to the graphite electrodes for the production mold. Order at 6-7.

[3] The parties have not requested an evidentiary hearing. Nonetheless, the Court has considered whether an evidentiary hearing is necessary to assist the Court in determining whether the production wishbone is a bona fide copy of the prototype wishbone. Because Plaintiff has submitted no evidence that Mr. Hillesland directly referred to the prototype mold when creating the production mold, the Court concludes that an evidentiary hearing is not warranted.

ORDER 4–

§ 411(a).  The Court does not have jurisdiction over Lucky Break's copyright infringement claim in the prototype wishbone.

The Court advises the parties that it will dismiss Lucky Break's copyright infringement claim in the prototype wishbone, see Second Am. Compl. ¶¶ 29-30, without prejudice, unless Lucky Break supplements its registration pursuant to 17 U.S.C. § 408(d) or registers the prototype wishbone with the U.S. Copyright Office within thirty days of the entry of this Order.  The Court directs Lucky Break to file a joint status report by **Friday, January 25, 2008** regarding its copyright infringement claim in the prototype wishbone.

The parties are advised to submit a joint status report by **noon on Thursday, December 20, 2007**, outlining their respective positions on whether the parties can be prepared to go to trial on Monday, February 25, 2008, or whether the Court should stay the case, in light of the above ruling.

IT IS SO ORDERED.

DATED this 18th day of December, 2007.

_____
Thomas S. Zilly
United States District Judge

ORDER  5–