**06-CV-00312-DOCTRM**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LUCKY BREAK WISHBONE
CORPORATION,

               Plaintiff,

v.

SEARS ROEBUCK AND CO., a New
York corporation, et al.,

               Defendants.

NO. C06-312Z

COURT'S JURY INSTRUCTIONS

DATED this 8th day of July, 2008.

THOMAS S. ZILLY
United States District Judge

INSTRUCTION NO. 1

## Duty of Jury

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.   These instructions will be in three parts:   first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of law you must apply, i.e., what the plaintiff must prove to make the case; and third, some rules for your deliberations.

It is your duty to find the facts from all the evidence in the case.   To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not.   And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.   That means that you must decide the case solely on the evidence before you and according to the law.   You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.   And you must not read into these instructions or anything I may have said or done any suggestion as to what verdict you should return.   That is a matter entirely for you to decide.

INSTRUCTION NO. 2

<u>Burden of Proof:</u>

<u>Preponderance of the Evidence</u>

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 3

## Separate Claims and Parties

1
2
3      You should decide the case as to each defendant party
4  separately.   Unless otherwise stated, the instructions apply to all
5  parties.   In this case, plaintiff is asserting claims of copyright
6  infringement against Sears based on both the Prototype Wishbone
7  Sculpture and the Product Warning.   Plaintiff is asserting a claim
8  of copyright infringement against Y&R based only on the Product
9  Warning.
10

INSTRUCTION NO. 4

## Evidence

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all the lawyers have agreed or stipulated.

You have also heard testimony in the form of depositions.  A deposition is the sworn testimony of a witness recorded before trial.  This testimony is also evidence from which you are to decide the facts.  You should draw no inference from whether an individual was or was not physically present in court.

Evidence may also be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

## INSTRUCTION NO. 5

### Stipulated Facts

Plaintiff and Defendants have agreed, or stipulated, to the following facts.  This means that you should treat these facts as having been proved.  You should consider these facts in addition to those facts which were proved to you at trial.

1.   Ken Ahroni is the owner and founder of Lucky Break Wishbone Corporation ("Lucky Break").

2.   Lucky Break was started in 2004 and its business is focused on the sale of a plastic novelty wishbone called the "Lucky Break Wishbone."

3.   Defendant Sears, Roebuck and Co. ("Sears") is a New York Corporation with its principal place of business in Illinois.

4.   Defendant Young and Rubicam Inc. ("Y&R") is a Delaware Corporation with its principal place of business in New York.

5.   The Lucky Break Wishbone is manufactured out of injection-molded plastic in Auburn, WA, and it is sold in a variety of packaging configurations at various retail stores and directly from Lucky Break through its web site, www.luckybreakwishbone.com.

6.   The molds for the Lucky Break Wishbone were made by Dale Hillesland, of Paraflex, Inc.

7.   Cimtech Inc. scanned a real turkey wishbone and provided the scanned data to Lucky Break.  A computer model was created from

INSTRUCTION NO. 5 (Page 2)

the scanned data.   Once the computer model was created, Hillesland used that model to make graphite electrodes, which he subsequently finished by hand.

8.   Hillesland used the finished graphite electrodes to create a mold cavity for the Lucky Break Wishbones.

9.   Hillesland made both a prototype and a production mold for the Lucky Break Wishbone.

10.   The prototype mold was finished sometime in January 2004 and the production mold was finished sometime in September 2005.

11.   In June 2005, Lucky Break was contacted by Defendant Y&R regarding a promotion planned for Sears during the week leading up to Thanksgiving that year, November 19-23, 2005 (hereinafter the "Sears Pre-Thanksgiving Promotion").   Thanksgiving that year was on November 24, 2005.

12.   Y&R expressed interest in between 1,000,000 and 2,000,000 Lucky Break Wishbones from Lucky Break's prototype mold for use in connection with the Sears Thanksgiving Promotion.

13.   Lucky Break sent Lucky Break Wishbones from Lucky Break's prototype mold to Y&R on or around June 20, 2005.

14.   Y&R provided Lucky Break Wishbone samples from Lucky Break's prototype mold to Sears at the end of June or the beginning of July 2005.

INSTRUCTION NO. 5 (Page 3)

15.   Lucky Break also sent the text for its product warning to Y&R sometime on or around July 15, 2005.

16.   On or around August 9, 2005, Sears approached a third party vendor named Apex Products, LLC ("Apex") for a price quote in connection with the production of about 1,000,000 plastic wishbones.

17.   On or around November 8, 2005, Sears paid Apex $170,136 for 1,000,800 plastic wishbones, packaging, and printing.

18.   Wishbones and packaging provided by Apex were distributed to participating stores for use in the Sears Pre-Thanksgiving Promotion, where they were given away to customers with a purchase (while supplies lasted) on November 19, 2005.

19.   Wishbones distributed by Sears on November 19, 2005, were packaged along with a bar-coded coupon offering the customer $10 off of their next purchase of $100 or more.   The coupons were only redeemable from November 20-23, 2005.

20.   The wishbone packaging distributed by Sears had a product warning that read: "This product is not intended for children. It is not a toy.   There is a choking hazard.   Use under adult supervision only.   Dispose of all parts after breaking.   Keep away from eyes."

INSTRUCTION NO. 5 (Page 4)

1

2    21.   The eight-page Sears Circular contained an image of a

3 wishbone in the upper left-hand corner of the front page, as well

4 as text describing the wishbone giveaway on the 19th and the coupon

5 offer of the 20th through the 23rd.

6    22.   About 39,350,000 copies of the Sears Circular were

7 distributed in newspapers across the country.

8    23.   Gross sales of all goods and services, including sales

9

10 tax for stores participating in the Sears Pre-Thanksgiving

11 Promotion from November 19-23, 2005 were $354,558,513.18.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

INSTRUCTION NO. 6

## What is Not Evidence

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you.

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 7

<u>Direct and Circumstantial Evidence</u>

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 8

### Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness' memory;

3. the witness' manner while testifying;

4. the witness' interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness' testimony;

6. the reasonableness of the witness' testimony in light of all the evidence; and

7. any other factors that bear on believability.

These are some of the factors you may consider in deciding whether to believe testimony.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses who testify.

INSTRUCTION NO. 9

<u>Opinion Evidence</u>

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in this case.

## INSTRUCTION NO. 10

### Charts and Summaries in Evidence

Certain charts and summaries may be received into evidence to illustrate information brought out in the trial.   Charts and summaries are only as good as the underlying evidence that supports them.   You should therefore, give them only such weight as you think the underlying evidence deserves.

INSTRUCTION NO. 11

<u>Liability of Corporations</u>

A corporation under the law is a person, but it can only act through its employees, agents, directors, or officers.  The law therefore holds a corporation responsible for the acts of its employees, agents, directors, and officers, if, but only if, those acts are authorized.  An act is authorized if it is a part of the ordinary course of employment of the person doing it.

The fact that a defendant is a corporation should not affect your decision.  All persons are equal before the law, and a corporation, whether large or small, is entitled to the same fair and conscientious consideration by you as any other person.

INSTRUCTION NO. 12

## Taking Notes

Whether or not you have taken notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 13

Summary of Claims & Defenses

Plaintiff Lucky Break brings this lawsuit against defendants, Sears and Y&R, for copyright infringement.  Plaintiff brings two claims.  Plaintiff's first claim against defendant Sears is for infringement of plaintiff's Prototype Wishbone Sculpture. Plaintiff's second claim against both defendants, Sears and Y&R, is for infringement of plaintiff's Product Warning.  Plaintiff has the burden of proving these claims by a preponderance of the evidence. Defendants deny infringing plaintiff's copyrights.

Defendant Sears also asserts the following defenses: (1) the Sears wishbone was independently created; (2) the Prototype Wishbone Sculpture necessarily flows from a commonplace idea; this defense is also referred to as a *scenes á faire* defense; (3) there is only a limited number of ways to make a realistic wishbone sculpture because of the turkey wishbone anatomy or plastic manufacturing technique; there is only a limited number of ways to instruct people on the dangers of the product; this defense is known as merger; and (4) the Product Warning flows from functional aspects such as legal requirements and grammar; the Prototype Wishbone may necessarily flow from functional considerations relating to its use; this defense is referred to as the functionality defense.  Defendant Y&R asserts the defenses of

INSTRUCTION NO. 13 (Page 2)

1

2 *scenes á faire*, merger and functionality with respect to the

3 Product Warning.

4      The foregoing is merely a summary of the claims and defenses

5 of the parties.  You are not to take the same as proof of the

6 matter claimed unless admitted by the opposing party, and you are

7 to consider only those matters that are admitted or established by

8 the evidence.  These claims and defenses have been outlined solely

9 to aid you in understanding the issues.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

INSTRUCTION NO. 14

Rights of a Copyright Owner

Copyright law allows the author of an original work to prevent others from copying or distributing copies of the way or form the author used to express the ideas in the author's work.  Only the particular way of expressing  an idea can be copyrighted. Copyright law does not give the author the right to prevent others from copying or using the underlying ideas contained in the work, such as any procedures, processes, systems, methods of operation, concepts, principles or discoveries.

The right to exclude others from copying extends only to how the author expressed the ideas in the copyrighted work.  A copyright is not violated when someone uses an idea from a copyrighted work, as long as the particular way of expressing that idea in the work is not copied.

Copyright law protects original works perceived or produced in any tangible form of expression from which it can be reproduced, either directly or with the aid of a machine or device.

An owner may enforce its rights in an action for copyright infringement.  An owner may also obtain a copyright registration from the Copyright Office of the Library of Congress.  A registration may be obtained either before or after an alleged infringement of a copyrighted work.  The timing of the registration

INSTRUCTION NO. 14 (page 2)

does not affect plaintiff's right to sue for infringement in this
case.

INSTRUCTION NO. 15

## Plaintiff's First Claim Against Sears -- Infringement of

## Copyright in Prototype Wishbone Sculpture

On plaintiff's claim for infringement of its copyright in the Prototype Wishbone Sculpture, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.   That plaintiff is the owner of a valid copyright in the Prototype Wishbone Sculpture; and

2.   That defendant Sears copied original elements from plaintiff's copyrighted work.

The Court has decided as a matter of law that plaintiff is the owner of a valid copyright in the Prototype Wishbone Sculpture. The first element has therefore been proved.

If you find by a preponderance of the evidence from your consideration of all the evidence that defendant Sears copied original elements from plaintiff's copyrighted work, then your verdict should be for plaintiff on this claim unless defendant Sears proves any of its defenses to this claim.  On the other hand, if you find that plaintiff has failed to prove that defendant Sears copied original elements from plaintiff's copyrighted work or that defendant Sears has proved a defense, your verdict should be for defendant Sears on this claim.

INSTRUCTION NO. 15A

## Infringement - Originality

An original work may include or incorporate elements taken from the public domain.  The original parts of the plaintiff's work are the parts created:

1.    independently by the work's author, that is, the author did not copy it from another work; and

2.    by use of at least some minimal creativity.

In copyright law, the "original element" of a work need not be new or novel.

INSTRUCTION NO. 15B

## Authorship

The creator of an original work is called the author of that work.  An author originates or "masterminds" the original work, controlling the whole work's creation and causing it to come into being.

Others may help or may make valuable or creative contributions to a work.  However, such a contributor cannot be the author of the work unless that contributor caused the work to come into being. One must translate an idea into a fixed, tangible expression in order to be the author of the work.  Merely giving an idea to another does not make the giver an author of a work embodying that idea.

The author of the Prototype Wishbone Sculpture was Dale Hillesland.  It is his contribution to the Prototype Wishbone Sculpture that can be protected by plaintiff's copyright in this case.

INSTRUCTION NO. 15C

Means of Proving Copying

1
2
3      Plaintiff may show defendant copied original elements from
4  plaintiff's copyrighted work by proving:
5      1.    That defendant had access to plaintiff's copyrighted
6  work; and
7      2.    That defendant's work and original elements of
8  plaintiff's copyrighted work are virtually identical.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

INSTRUCTION NO. 15D

<u>Access Defined</u>

1

2

3      You may find that defendant had access to plaintiff's

4  copyrighted work if whoever created the work owned by defendant had

5  a reasonable opportunity to view or copy plaintiff's copyrighted

6  work before defendant's work was created.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

INSTRUCTION NO. 15E

<u>Virtual Identity Defined</u>

You may find that defendant's work and original elements of plaintiff's copyrighted work are virtually identical if each of the following prongs are established:

1.   Objectively, plaintiff's Prototype Wishbone Sculpture and the Sears wishbone must share a virtual identity of expression as measured by specific criteria, such as the type of artwork involved, the materials used, the subject matter, and the setting for the subject.   Plaintiff must identify concrete elements of the Prototype Wishbone based on objective criteria.   In applying this objective test, you must distinguish between protectable and unprotectable elements of the plaintiff's Prototype Wishbone Sculpture because plaintiff can place no reliance upon any similarity in expression resulting from unprotectable elements.

2.   Subjectively, that the two works share a virtual identity of expression as measured by an ordinary and reasonable observer.

Under the first prong, analytic dissection of similarities focusing on isolated elements of each work is appropriate.   Under the second prong, you must view the work as a whole.   Under the second prong, you must not simply focus on isolated elements of each work to the exclusion of the other elements, combination of elements and expressions therein.

INSTRUCTION NO. 15F

<u>Prototype Versus Production Wishbones</u>

     You have heard testimony in this case concerning both a
"Prototype Wishbone" and a "Production Wishbone."  I instruct you
that defendant Sears did not infringe any copyright in the
Production Wishbone Sculpture.

INSTRUCTION NO. 16

## Plaintiff's Second Claim Against Both Defendants

## -- Infringement of Copyright in Product Warning

On plaintiff's claim for infringement of its copyright in the Product Warning, plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.     That plaintiff is the owner of a valid copyright in the Product Warning; and

2.     That defendants Sears and/or Y&R copied original elements from plaintiff's copyrighted work.

If you find by a preponderance of the evidence from your consideration of all the evidence that each of these elements has been proved, then your verdict should be for plaintiff on this claim unless defendants prove the defense to this claim set forth in Instruction Nos. 18, 19, and 20.  On the other hand, if you find that any of these elements has not been proved or that defendants have proved one of the defenses set forth in these instructions, your verdict should be for defendants on this claim.

INSTRUCTION NO. 16A

<u>Copyright Registration</u>

A registration certificate may be considered as evidence of the facts stated in the certificate, unless outweighed by other evidence in the case.  From this certificate you may, but need not, conclude that plaintiff's work is the original and copyrightable work of the author.

INSTRUCTION NO. 16B

<u>Valid Copyright Defined</u>

To establish that the copyright in the Product Warning is valid, plaintiff must prove by a preponderance of the evidence that the Product Warning is original.  An original work may include or incorporate elements taken from works in the public domain, but the original parts of the work are only the parts created:

1.   Independently by the work's author, that is, the parts the author did not copy from another work; and

2.   By the use of at least some minimal creativity.

INSTRUCTION NO. 16C

<u>Copying of Product Warning</u>

The product warning printed on the packaging distributed by Sears was virtually identical to plaintiff's Product Warning. Defendants, however, contend that plaintiff's Product Warning does not contain any original elements.  If you find that plaintiff's Product Warning contains original elements, you must find that plaintiff has proved the second element of its claim for infringement of the Product Warning copyright, namely that defendants Sears and/or Y&R copied original elements from plaintiff's copyrighted work.  On the other hand, if you find that plaintiff's Product Warning does not contain original elements, you must find that plaintiff has not proved the second element of its claim for infringement of the Product Warning copyright.

INSTRUCTION NO. 17

## Defense - Independent Creation

If plaintiff has proved the elements of copyright infringement as to the Prototype Wishbone Sculpture, you must consider defendant Sears' defense of independent creation. Defendant Sears contends that its wishbone does not infringe plaintiff's copyright because the Sears wishbone was created independently of plaintiff's Prototype Wishbone Sculpture. If defendant Sears proves by a preponderance of the evidence that its wishbone was created independently of plaintiff's Prototype Wishbone Sculpture, you should find for defendant Sears on the Prototype Wishbone Sculpture copyright infringement claim.

INSTRUCTION NO. 18

Defense - *Scenes á Faire*

1
2
3      If plaintiff has proved the elements of copyright infringement
4   as to the Prototype Wishbone Sculpture or the Product Warning, you
5   must consider the defense of *scenes á faire* as to that respective
6   claim.  Defendant Sears contends that its wishbone does not
7   infringe plaintiff's copyright in the Prototype Wishbone Sculpture
8   because of the *scenes á faire* doctrine.  Both defendants contend
9   that the Sears product warning does not infringe plaintiff's
10  copyright in its Product Warning because of the *scenes á faire*
11  doctrine.
12
13      In order to prove the defense of *scenes á faire* with respect
14  to the Prototype Wishbone Sculpture, defendant Sears must prove
15  that the expression embodied in the Prototype Wishbone Sculpture is
16  standard, stock, or common to the idea of a realistic turkey
17  wishbone or that the expression necessarily flows from a
18  commonplace idea of a wishbone.  If you find that defendant Sears
19  proved this defense, you must find for defendant Sears on the
20  Prototype Wishbone Sculpture copyright infringement claim.
21
22      In order to prove the defense of *scenes á faire* with respect
23  to the Product Warning, defendants must prove that the expression
24  embodied in the Product Warning is standard, stock, or common to
25  the idea of a warning explaining the dangers of a plastic wishbone
26

INSTRUCTION NO. 18 (page 2)

or that the expression necessarily flows from a commonplace idea of a warning.  If you find that defendants proved this defense, you must find for both defendants on the Product Warning copyright infringement claim.

INSTRUCTION NO. 19

<u>Defense - Merger</u>

If plaintiff has proved the elements of copyright infringement as to the Prototype Wishbone Sculpture or the Product Warning, you must consider the defense of merger as to that respective claim. Defendant Sears contends that its wishbone does not infringe plaintiff's copyright in the Prototype Wishbone Sculpture because of the merger doctrine.   Both defendants contend that the Sears product warning does not infringe plaintiff's copyright in its Product Warning because of the merger doctrine.

In order to prove the defense of merger with respect to the Prototype Wishbone Sculpture, defendant Sears must prove that the expression embodied in the Prototype sculpture has merged with the idea of a realistic turkey wishbone, meaning that the idea can be expressed only in one way or a limited number of ways because of turkey bone anatomy or plastics manufacturing process.   If you find that defendant Sears has proved the merger defense as to the Prototype Wishbone Sculpture, you must find for defendant Sears on the Prototype Wishbone Sculpture copyright infringement claim.

In order to prove the defense of merger with respect to the Product Warning, defendants must prove that the expression embodied in the Product Warning has merged with the idea of a warning about the dangers of the product, meaning that the idea can be expressed only in one way or a limited number of ways because of legal

INSTRUCTION NO. 19 (page 2)

requirements or grammar.  If you find that defendants have proved
the merger defense as to the Product Warning, you must find for
defendants on the Product Warning copyright infringement claim.

INSTRUCTION NO. 20

Defense - Functionality

If plaintiff has proved the elements of copyright infringement as to the Prototype Wishbone Sculpture or the Product Warning, you must consider the defense of functionality as to that respective claim.   Defendant Sears contends that its wishbone does not infringe plaintiff's copyright in the Prototype Wishbone Sculpture because of the functionality doctrine.   Both defendants contend that the Sears product warning does not infringe plaintiff's copyright in its Product Warning because of the functionality doctrine.

In order to prove the defense of functionality with respect to the Prototype Wishbone Sculpture, defendant Sears must prove that the expression embodied in the Prototype Wishbone Sculpture necessarily flows from functional considerations associated with the intended use of the Prototype Wishbone Sculpture.   If you find that defendant Sears has proved this defense, you must find for defendant Sears on the Prototype Wishbone Sculpture copyright infringement claim.

In order to prove the defense of functionality with respect to the Product Warning, defendants must prove that the expression embodied in plaintiff's Product Warning text necessarily flows from functional considerations associated with the way in which the dangers of the product may be explained.   If you find that

INSTRUCTION NO. 20 (page 2)

defendants have proven this defense, you must find for defendants on the Product Warning copyright infringement claim.

INSTRUCTION NO. 21

## Damages

1

2

3    It is the duty of the Court to instruct you about the measure

4  of damages.  By instructing you on damages, the Court does not mean

5  to suggest for which party your verdict should be rendered.

6    If you find for the plaintiff on the plaintiff's copyright

7  infringement claims, you must determine the amount of damages to

8
9  award to the plaintiff.  The plaintiff is entitled to recover the

10  actual damages suffered as a result of the infringement.  In

11  addition, the plaintiff is also entitled to recover any profits of

12  the defendant Sears that are attributable to the infringement.

13    The plaintiff has the burden of proving damages by a

14  preponderance of the evidence.

15    Actual damages means the amount of money adequate to

16  compensate the plaintiff for the reduction of the fair market value

17  of the copyrighted works caused by the infringement.  The reduction

18  of the fair market value of the copyrighted work is the amount a

19
20  willing buyer would have been reasonably required to pay a willing

21  seller at the time of the infringement for the actual use made by

22  the defendant of the plaintiff's work.  That amount also could be

23  represented by the lost license fees the plaintiff would have

24  received for the unauthorized use of the plaintiff's work.

25

26

INSTRUCTION NO. 21 (page 2)

1

2    In addition to actual damages, the plaintiff is entitled to

3  any profits of the defendant Sears that are attributable to the

4  infringement.  You may not include in an award of profits any

5  amount that you took into account in determining actual damages.

6  Plaintiff does not make any claim for an award of profits against

7  Y&R in connection with its second claim for infringement of the

8  Product Warning.  Plaintiff's claim for damages against Y&R is

9  limited to actual damages relating to the Product Warning claim.

10

11    You may make an award of the defendant Sears' profits only if

12  you find that the plaintiff showed a causal relationship between

13  the infringement and the profits generated indirectly from the

14  infringement.  In other words, plaintiff may recover only those

15  profits that are attributable to the infringement.  In calculating

16  profits, you should consider only the profits of Sears that are

17  associated with sales in which the $10 "wishbone" bounce back

18  coupons were redeemed during the period from November 20, 2005,

19  through November 23, 2005.

20

21    The defendant Sears' gross revenue is all of the defendant

22  Sears' receipts from the sales in which the $10 "wishbone" bounce

23  back coupons were redeemed during the period from November 20,

24  2005, through November 23, 2005.  The plaintiff has the burden of

25  proving the defendant's gross revenue by a preponderance of the

26  evidence.

INSTRUCTION NO. 21 (page 3)

The defendant Sears' profits are determined after deducting the defendant Sears' deductible expenses from its gross revenue. Deductible expenses are all the overhead and production expenses actually incurred in generating the defendant's gross revenue. In other words, the defendant must show that the overhead and production expenses actually contributed to the defendant's gross revenue for sales in which the $10 "wishbone" bounce back coupons were redeemed during the period November 20-23, 2005. The defendant has the burden of proving the defendant's deductible expenses by a preponderance of the evidence.

Unless you find that a portion of Sears' profit from the sales during the period November 20, 2005, through November 23, 2005, is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. The defendant Sears has the burden of proving by a preponderance of the evidence the portion of the profit, if any, attributable to factors other than infringing the copyrighted work.

It is for you to determine what damages, if any, have been proved. Any award of damages must be based upon the evidence and not upon speculation, guesswork, or conjecture.

INSTRUCTION NO. 22

<u>Deliberation</u>

Upon retiring to the jury room for your deliberation of this case, your first duty is to select a presiding juror to act as chairperson.  It is his or her duty to see that discussion is carried on in a sensible and orderly fashion, that the issues submitted for your decision are fully and fairly discussed, and that every juror has a chance to express himself or herself and participate in the deliberations upon each question before the jury.  You will be furnished with all the exhibits, these instructions and a suitable form of verdict.  All of you must agree upon a verdict.  When you have so agreed, fill in the proper form of verdict to express the results of your determination.  The presiding juror will sign and date it and announce your agreement to the clerk who will conduct you into court to declare your verdict.

INSTRUCTION NO. 23

Reaching Agreement

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination.  Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these Instructions.

INSTRUCTION NO. 24

## Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury.   No member of the jury should ever attempt to communicate with me except by a signed writing.   I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.   Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

If you send a note to me, there will be some delay in my response because I will discuss the note with the lawyers before preparing a response.

INSTRUCTION NO. 25

<u>Verdict</u>

After you have reached unanimous agreement on a verdict, your presiding juror will fill in, date, and sign the verdict form and advise the court that you have reached a verdict.