UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUCKY BREAK WISHBONE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SEARS, ROEBUCK AND CO., a New York corporation, and YOUNG AND RUBICAM INC., a Delaware corporation,<br><br>Defendants. | No. C06-312Z<br><br>ORDER |

THIS MATTER comes before the Court on plaintiff's motion to retax costs, docket no. 335. Having reviewed all papers filed in support of and in opposition to the motion, the Court GRANTS the motion IN PART, and DENIES the motion IN PART. Plaintiff seeks an award of costs pursuant to 17 U.S.C. § 505, which provides the Court with discretion to allow recovery of "full costs," except in circumstances not applicable here. Defendants assert that plaintiff is not entitled to costs under § 505 because their infringements of plaintiff's sculptural work and product warning verbiage commenced before the effective dates of the respective registrations. Contrary to defendants' contention, however, 17 U.S.C. § 412 bars only an "award of statutory damages or of attorney's fees," and not an award of costs, when infringement predates registration.

In this case, the Clerk allowed as costs the entire filing fee, a portion of the deposition expenses and printing costs, and all requested witness fees relating to the testimony of David

ORDER - 1

W. Steadman, Ph.D. The Clerk appears to have carefully reviewed the records relating to such costs and the Court will not disturb the Clerk's decision. Pursuant to Local Rule CR 54(d)(3)(C), which requires that expenditures incident to the litigation be specifically authorized by the Court, the Clerk did not allow exhibit costs totaling $32,814.23. The bulk of these expenses were for "graphics consulting" and for operating equipment during the course of trial. *See* Exh. C to Walters Decl. (docket no. 308). The Court does not view these labor charges as within the proper scope of costs, but rather as more akin to attorney's fees to which plaintiff is not entitled. The Court will, however, allow costs for printing and mounting of oversized color copies, the charges for which amount to $6,341.27.

The Clerk also disallowed the various items categorized as "other trial costs," which in the aggregate equaled $305,588.46. The largest portion of these costs was for paralegal fees ($142,387.00), which the Court will not permit in light of plaintiff's ineligibility for attorney's fees. The next highest amount was for expert witness fees ($78,481.80). Plaintiff asserts that, although such fees are not recoverable under 28 U.S.C. § 1920, they can be awarded under § 505. For support, plaintiff cites to an unpublished case from Oklahoma that is unavailable on Westlaw and to a Tenth Circuit case allowing expert fees under 42 U.S.C. § 1988, which expressly allows such fees as part of attorney's fees awarded to the prevailing party. *See Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizen's Council for Clean Air*, 483 U.S. 711 (1987). Plaintiff represents to the Court that expert fees are "routinely" permitted under § 505, *see* Motion for Costs at 8 (docket no. 307), and fails to candidly inform the Court that, in fact, the Circuits are split on the issue.

The Eighth and Eleventh Circuits have explicitly ruled that expert witness fees beyond the $40 per day limit outlined in 28 U.S.C. § 1821 are not permitted. *Pinkham v. Camex, Inc.*, 84 F.3d 292 (8th Cir. 1996); *see Artisan Contractors Ass'n of Am., Inc. v. Frontier Ins. Co.*, 275 F.3d 1038 (11th Cir. 2001). In contrast, the Ninth Circuit has held that non-taxable

ORDER - 2

costs, including those lying outside the scope of § 1920, may be awarded under § 505. *Twentieth Century Fox Film Corp. v. Entertainment Distributing*, 429 F.3d 869, 885 (9th Cir. 2005). Remarkably, plaintiff did not bring the Ninth Circuit precedent to the Clerk's or the Court's attention. While recognizing that the Ninth Circuit might allow expert fees under § 505 in an amount exceeding the limits stated in § 1821, the Court refuses, as a matter of discretion, to award expert fees in this case beyond the $382 allowed by the Clerk. Only one of plaintiff's four experts was called as a witness at trial. The most expensive of plaintiff's experts, Michael Belch of Advertising and Consumer Research, who accrued almost half of the requested fees, was excluded by the Court because his opinions and calculations were too speculative, and the testimony of another expert, Peter H. Nickerson, Ph.D., was substantially limited by the Court and then not offered at trial by plaintiff. *See* Minutes dated June 9, 2008 (docket no. 256); *see also* Order (docket no. 261). During the course of discovery, plaintiff received from defendants $8,130 in expert fees, which the Court views as adequate to defray the expenses associated with the services of Dr. Steadman, who testified at trial for less than one day.

The Court also declines to exercise its discretion to allow any of the other items falling within the category of "other trial costs." Plaintiff has absolutely no basis for seeking reimbursement of its copyright registration fees. *See Bly v. Banbury Books, Inc.*, 638 F. Supp. 983, 989 (E.D. Pa. 1986). Moreover, although some courts have allowed computer research expenses, the general rationale, namely that computer research reduces attorney time, does not support an award in this case because plaintiff is not entitled to attorney's fees. *See Invessys, Inc. v. McGraw-Hill Cos., Ltd.*, 369 F.3d 16, 22 (1st Cir. 2004) ("[C]omputer-assisted research should be . . . reimbursed under attorney's fees statutes like section 505, so long as the research cost is in fact paid by the firm to a third-party provider and is customarily charged by the firm to its clients as a separate disbursement. If it saves attorney time to do research this way, probably the hours billed are fewer . . ."); *Cairns v. Franklin*

ORDER - 3

*Mint Co.*, 115 F. Supp. 2d 1185, 1189 (C.D. Cal. 2000) ("The Court . . . finds that, in general, attorney research time is greatly reduced by the use of computer research. However, Westlaw charges are not an exact substitute for an attorney's hourly rate. Moreover, some part of Westlaw's charges must be considered overhead, if for no other reason than the fact that law firms do not charge clients for law books."). Finally, the other items at issue, including trial consulting and mock trial fees, postage and delivery charges, telephone and facsimile costs, and meal, travel, and transportation expenses, constitute overhead that the Court is not inclined to award.

The Clerk's taxation of costs is amended as follows:

|      |                    | Requested    | Allowed    |
|------|--------------------|--------------|------------|
| I.   | FILING FEE         | $250.00      | $250.00    |
| II.  | DEPOSITION COSTS   | $13,232.59   | $7,053.62  |
| III. | PRINTING COSTS     | $14,332.31   | $5,732.95  |
| IV.  | WITNESS FEES       | $382.00      | $382.00    |
| V.   | EXHIBIT COSTS      | $32,814.23   | $6,341.27  |
| VI.  | OTHER TRIAL COSTS  | $305,588.46  | $0.00      |

The Clerk is directed to enter a supplemental judgment in favor of plaintiff Lucky Break Wishbone Corporation and against defendants Sears, Roebuck and Co. and Young & Rubicam, Inc., jointly and severally, for costs in the amount of $19,759.84, and to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

DATED this 9th day of January, 2009.

Thomas S. Zilly
United States District Judge

ORDER - 4